**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JARROD R.L. ROBERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -vs- | ) | NO. CIV-25-1311-HE |
| | ) | |
| JOSHUA CULTERA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>ORDER</u>

On May 8, 2026, United States Magistrate Judge Amanda L. Maxfield issued a Report and Recommendation [Doc. #18], recommending petitioner's amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed with prejudice. She advised petitioner of his right to file an objection to the Report and Recommendation on or before May 29, 2026, and specifically advised him of the consequences for failure to file a timely objection. Petitioner has not filed an objection to the Report and Recommendation.[1]

Initially, the magistrate judge recommended the court should conclude petitioner is not presently "in custody" under his 2003 conviction and cannot challenge it in the instant petition. Section 2254 of Title 28 of the United States Code requires a petitioner for a writ of habeas corpus be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal district court lacks subject matter jurisdiction to consider a § 2254 petition unless the

---

[1] *The record reflects the Report and Recommendation was returned undeliverable [Doc. #19].*

petitioner is "in custody" under the conviction or sentence under attack at the time his petition is filed.    Neiberger v. Rudek, 450 Fed. Appx. 719, 723 (10th Cir. 2011) (unpublished).   Because petitioner has not demonstrated he is "in custody" and as his petition does not appear to fall within the limited circumstances discussed in Neiberger, 450 Fed. Appx. at 724, the court concludes that it lacks subject matter jurisdiction over the § 2254 amended petition, and it will be dismissed.[2]

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States Courts requires the court to issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.   "When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of the constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   Slack v. McDaniel, 529 U.S. 473, 484 (2000).   Here, the court concludes that petitioner cannot make the required showing.   A certificate of appealability will therefore be denied.

Accordingly, the court **ADOPTS** the Report and Recommendation [Doc. #18] to the extent indicated. The petition ]Doc. #8] is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.   The court **DENIES** a certificate of appealability.

---

[2] *The magistrate judge alternatively has recommended the § 2254 amended petition is subject to dismissal as untimely.  For the reasons stated by the magistrate judge, dismissal based on timeliness would likely apply if the court had subject-matter jurisdiction to address it.  However, as the court lacks subject-matter jurisdiction, it is unnecessary to address the issue.*

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 15th day of May, 2026.

_____

JOE HEATON
UNITED STATES DISTRICT JUDGE